FILED
2011 APR 29 P 12: 56
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

William M. Audet (CA State Bar #117456)
waudet@audetlaw.com
Kevin L. Thomason (CA State Bar #190377)
kthomason@audetlaw.com
Joshua C. Ezrin (CA State Bar #220157)
jezrin@audetlaw.com
Jonas P. Mann (CA State Bar #263314)
jmann@audetlaw.com
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco CA 94105
Telephone: (415) 568-2555
Facsimile: (415) 568-2556

E-filing

*Counsel for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

CV 11 2129

EMC

| | |
|---|---|
| JUSTIN NEWMAN , individually, on behalf of himself and others similarly situated, | CASE No. |
| Plaintiffs, | JURY DEMAND |
| | **CLASS ACTION COMPLAINT** |
| v. | |
| SONY COMPUTER ENTERTAINMENT AMERICA LLC, and SONY NETWORK ENTERTAINMENT INTERNATIONAL LLC, | |
| Defendants. | **FILE BY FAX** |

### I.     INTRODUCTION

This case involves the Defendants' failure to maintain sufficient security of consumers'

personal data, including financial data. As a result of the Sony Defendants' lack of appropriate

security measures, third party "hackers" have compromised and otherwise gained access to

private data information of over 70 million class members. This complaint seeks damages and

other relief as a result of the failure of defendants to protect otherwise private credit card and

person data for its over 70 million subscribers/users of PlayStation. As detailed below, despite

apparently knowing of the breach for at least a week before publicly admitting the breach of its

security system, Defendants failed to also immediately advise the class members of the fact that

*Audet & Partners, LLP*

1    each class members data, including credit card information, was at risk and in the hands of

2    hackers and others. Instead, for at least a week, Defendants covered up the security breach and

3    finally disclosed the breach in its blog more than a week after the breach first occurred.

4    Plaintiff and the class have been injured as a result of the Defendants' violation of state and

5    federal law.

## II. THE PARTIES

7    1.    Plaintiff Justin Newman is a member of the Class. On or about April 26, 2011,

8    he was informed that his personal data, as provided to Defendants, had been accessed by a third

9    party. Plaintiff is a citizen of the state of California and has standing to pursue these claims.

10    2.    Defendant SONY COMPUTER ENTERTAINMENT AMERICA LLC ("Sony

11    Computer") is a Delaware Limited Liability Company with its headquarters in Foster City,

12    California.

13    3.    Defendant SONY NETWORK ENTERTAINMENT INTERNATIONAL LLC

14    ("Sony Entertainment") is a Delaware Limited Liability Company with its executive offices and

15    principal place of business and corporate headquarters in California.

16    4.    Hereafter, Sony Computer and Sony Entertainment shall be referred to as

17    "Defendants" or "Sony Defendants".

## III. JURISDICTION AND VENUE

20    5.    This case is subject to original jurisdiction in this court pursuant to the Class

21    Action Fairness Act of 2005. The total matter in controversy exceeds $5,000.000. This court

22    has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332.

23    6.    Venue is proper in the Northern District of California pursuant to 28 U.S.C.

24    §1391 because this District is the district in which Defendant Sony Computer is located and the

25    District in which a substantial part of the events or omissions giving rise to the claim occurred.

## IV. CLASS ACTION ALLEGATIONS

27    7.    Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and Fed. R. Civ.

28    P. 23(b)(3) on behalf of himself and the following Class:

*Audet &*
*Partners,*
*LLP*

2
CLASS ACTION COMPLAINT

<br>

| 1 | | All persons or entities that purchased a Sony PlayStation console and subscribed to the PlayStation Network as of April 17, 2011. (Excluded from this Class are Sony Computer Entertainment America LLC and Sony Network Entertainment International LLC and their affiliates. employees or agents. or persons or entities that distribute or sell the Sony PlayStation and the PlayStation Network service, as well as the Judge and any family member of the Judge assigned to hear this matter.) |

All persons or entities that purchased a Sony PlayStation console and subscribed to the PlayStation Network as of April 17, 2011. (Excluded from this Class are Sony Computer Entertainment America LLC and Sony Network Entertainment International LLC and their affiliates. employees or agents. or persons or entities that distribute or sell the Sony PlayStation and the PlayStation Network service, as well as the Judge and any family member of the Judge assigned to hear this matter.)

8. The members of the Class are so numerous that joinder of all members would be impracticable. Plaintiff estimates that there are approximately seventy-seven (77) million purchasers of the Sony PlayStation and the PlayStation Network ("PSN") service who have suffered loss of service and breach of security.

9. There are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including:

    a. whether Defendant's conduct violated federal privacy laws; and

    b. whether Defendant's conduct violates California's Consumer Legal Remedies Act;

    c. whether Defendant's conduct violates Cal. Bus. & Prof. Code § 17200;

    d. whether Defendant's conduct violates Cal. Bus. & Prof. Code § 17500;

    e. whether Defendant's breached the express and implied warranties;

    f. whether Defendant misrepresented the service capabilities to "protect data" and made material omissions regarding its privacy policies.

    g. whether Defendant failed to immediately remedy the loss of data.

10. Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff has no interests antagonistic to those of the Class and is subject to no unique defenses.

11. Plaintiff will fairly and adequately protect the interests of the Class and has retained attorneys experienced in class and complex litigation

12. A class action is superior to other available methods for the fair and efficient adjudication of this controversy

1

## V. FACTUAL ALLEGATIONS

2     13. Plaintiff and the class members are users of Defendants PlayStation hardware
3 and PlayStation Network Services. As a prerequisite of Plaintiffs' access to all services
4 associated with Defendants' PlayStation services and online activities, the class members are
5 required to provide private data and credit card information in order to fully access and utilize
6 the PlayStation Network Services.

7     14. As has been reported, it appears that the Sony Defendants failed to maintain a
8 sufficient "firewall", did not fully encrypt its data, stored and retained data without appropriate
9 authorization and protection. Plaintiff, and each class member, are now subject to possible
10 credit card fraud and other injuries above and beyond the access by third parties to this privacy
11 information.

12     15. On or about April 17, 2011, PlayStation Network "security" was breached and
13 third parties were provided unlimited access to names, addresses, email addresses, birthdates,
14 usernames, passwords, logins, security questions, credit card data and other private information
15 of the class members.

16     16. Defendants' so-called "Privacy Policy" led class members to believe that
17 information provided to the Defendants, including credit card information, would be protected
18 from hackers and other third parties. Among other statements, Defendants claimed that
19 "personal information is stored in secure operating environments that are not available to the
20 public and are only accessible to authorized employees. We also have security measures in
21 place to protect the loss, misuse and alteration of the information under our control."

22     17. Notwithstanding the above policy statement, the Defendants failed to maintain
23 adequate security, failed to establish adequate firewalls, and failed to properly encrypt data to
24 prevent security breaches.

25     18. More than a week after the breach, defendants finally advised the class of the
26 privacy breach. In an email, defendants stated the following:

27
28
*Audet &
Partners,
LLP*

4
CLASS ACTION COMPLAINT

1

Valued PlayStation(R)Network/Qriocity Customer:

2

We have discovered that between April 17 and April 19, 2011, certain PlayStation Network and Qriocity service user account information was compromised in connection with an illegal and unauthorized intrusion into our network. In response to this intrusion, we have:

3

4

5

1) Temporarily turned off PlayStation Network and Qriocity services;
2) Engaged an outside, recognized security firm to conduct a full and complete investigation into what happened; and
3) Quickly taken steps to enhance security and strengthen our network infrastructure by rebuilding our system to provide you with greater protection of your personal information.

6

7

8

We greatly appreciate your patience, understanding and goodwill as we do whatever it takes to resolve these issues as quickly and efficiently as practicable.

9

10

Although we are still investigating the details of this incident, we believe that an unauthorized person has obtained the following information that you provided: name, address (city, state, zip), country, email address, birthdate, PlayStation Network/Qriocity password and login, and handle/PSN online ID. It is also possible that your profile data, including purchase history and billing address (city, state, zip), and your PlayStation Network/Qriocity password security answers may have been obtained. If you have authorized a sub-account for your dependent, the same data with respect to your dependent may have been obtained. While there is no evidence at this time that credit card data was taken, we cannot rule out the possibility. If you have provided your credit card data through PlayStation Network or Qriocity, out of an abundance of caution we are advising you that your credit card number (excluding security code) and expiration date may have been obtained.

11

12

13

14

15

16

17

18

For your security, we encourage you to be especially aware of email, telephone and postal mail scams that ask for personal or sensitive information. Sony will not contact you in any way, including by email, asking for your credit card number, social security number or other personally identifiable information. If you are asked for this information, you can be confident Sony is not the entity asking. When the PlayStation Network and Qriocity services are fully restored, we strongly recommend that you log on and change your password. Additionally, if you use your PlayStation Network or Qriocity user name or password for other unrelated services or accounts, we strongly recommend that you change them as well.

19

20

21

22

23

24

25

26   19.   Despite the above belated admission of the security breach, Plaintiff and the

27   class have and will continue to suffer damages and injuries and be subject to possible fraudulent

28

1 activity with respect to the class members' personal data. Defendants have not taken sufficient
2 steps even after the breach to protect the class members' right to privacy.

**First Cause of Action**
**Violation of the Computer Fraud and Abuse Act**
**18 U.S.C. § 1030 *et seq.***

5  20.  Plaintiffs incorporate by reference all paragraphs previously alleged herein.

6  21.  Plaintiffs assert this claim against each and every Defendant named herein in this
7 complaint on behalf of themselves and the Class.

8  22.  The Computer Fraud and Abuse Act, 18 U.S.C. § 1030, referred to as "CFAA,"
9 regulates fraud and relates activity in connection with computers, and makes it unlawful to
10 intentionally access a computer used for interstate commerce or communication, without
11 authorization or by exceeding authorized access to such a computer, thereby obtaining
12 information from such a protected computer, within the meaning of U.S.C. § 1030(a)(2)(C).

13  23.  Defendants violated 18 U.S.C. § 1030 by intentionally accessing Plaintiffs' and
14 Class Members' mobile computing device, without authorization by exceeding access, thereby
15 obtaining personal information.

16  24.  The Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g), provides a civil cause
17 of action to "any person who suffers damage or loss by reason of a violation" of CFAA.

18  25.  The Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5)(A)(i), makes it
19 unlawful to "knowingly cause[s] the transmission of a program, information, code, or command
20 and as a result of such conduct, intentionally cause[s] damage without authorization, to a
21 protected computer," of a loss to one or more persons during any one-year period aggregating at
22 least $5,000 in value.

23  26.  Plaintiffs' PlayStation device is a "protected computer...which is used in
24 interstate commerce and/or communication" within the meaning of 18 U.S.C. § 1030(e)(2)(B).

25  27.  Defendants violated 18 U.S.C. § 1030(a)(2)(C) by accessing a Plaintiffs'
26 PlayStation device, by exceeding access, thereby obtaining information from such a protected
27 device.

28
*Audet &*
*Partners,*
*LLP*

6
CLASS ACTION COMPLAINT

28. Defendants violated 18 U.S.C. § 1030(a)(5)(A)(i) by knowingly causing or allowing the transmission of Plaintiffs' personal information.

29. Defendants violated 18 U.S.C. § 1030(a)(5)(A)(ii) by allowing access to Plaintiffs' and Class Members' protected private information without authorization, and as a result of such conduct, recklessly caused damage to Plaintiff and the Class.

30. Plaintiff has suffered damage by reason of these violations.

31. Plaintiffs have suffered loss by reason of these violations, as defined in 18 U.S.C. § 1030(e)(11), by the "reasonable cost ... including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service."

32. Plaintiffs have suffered loss by reason of these violations, including, without limitation, violation of the right of privacy, disclosure of personal identifying information, sensitive identifying information, and personal information, interception, and transactional information that otherwise is private, confidential, and not of public record.

33. As a result of these takings, Defendants' conduct has caused a loss to one or more persons during any one-year period aggregating at least $5,000 in value in real economic damages.

34. Plaintiffs and Class Members have additionally suffered loss by reason of these violations, including, without limitation, violation of the right of privacy.

**Second Cause of Action**
**Violations of the Electronic Communications Privacy Act**
**18 U.S.C. §2510**

35. Plaintiffs incorporate by reference all paragraphs previously alleged herein.

36. Plaintiffs assert this claim against each and every Defendant named herein in this complaint on behalf of themselves and the Class.

37. The Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2510 ("ECPA") regulates wire and electronic communications interception and interception of oral communications, and makes it unlawful for a person to "willfully intercept, endeavor to

*Audet &*
*Partners,*
*LLP*

7
CLASS ACTION COMPLAINT

intercept, or procure any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication," within the meaning of 18 U.S.C. § 2511(1).

38. Defendants violated 18 U.S.C. § 2511 by acquiring through the PlayStation device or network Plaintiffs' and Class Members' electronic communications, without knowledge, consent, or authorization.

39. The contents of data transmissions from and to Plaintiffs' and Class Members' PlayStation devices constitute "electronic communications" within the meaning of 18 U.S.C. §2510.

40. Plaintiffs are "person[s] whose ... electronic communication is intercepted ... or intentionally used in violation of this chapter" within the meaning of 18 U.S.C. § 2520.

41. Defendants violated 18 U.S.C. § 2511(1)(a) permitting any other person to intercept or endeavor to intercept Plaintiffs' electronic communications and data.

42. Defendants violated 18 U.S.C. § 2511(1)(c) by disclosing, or endeavoring to disclose, to any other person the contents of Plaintiffs' personal data and communications.

43. Defendants unlawfully allowed the distribution of personal data. This disclosure was not necessary for the operation of Defendants' system or to otherwise protect Defendants' rights or property.

44. The Electronic Communications Privacy Act of 1986, 18 USC §2520(a) provides a civil cause of action to "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used" in violation of the ECPA.

45. Plaintiffs and the Class, pursuant to 18 U.S.C. §2520, are entitled to preliminary, equitable, and declaratory relief, in addition to statutory damages of the greater of $10,000 or $100 a day for each day of violation, actual and punitive damages, reasonable attorneys' fees, and Defendants' profits obtained from the above-described violations. Unless restrained and enjoined, Defendants will continue to commit such acts. Plaintiffs' remedy at law is not adequate to compensate it for these inflicted and threatened injuries, entitling Plaintiffs to remedies including injunctive relief as provided by 18 U.S.C. § 2510.

Audet &
Partners,
LLP

8
CLASS ACTION COMPLAINT

1

2

**Third Cause of Action**
**Violation of California's Computer Crime Law**
**Penal Code § 502** *et seq.*

3   46.   Plaintiffs incorporate the above allegations by reference as if set forth herein at

4   length.

5   47.   The California Computer Crime Law, California Penal Code § 502, referred to as

6   "CCCL" regulates "tampering, interference, damage, and unauthorized access to lawfully

7   created computer data and computer systems."

8   48.   Defendants violated California Penal Code § 502 by allowing access to data

9   belonging to Plaintiffs and Class members.

10   49.   Pursuant to California Penal Code § 502(b)(6), "Data means a representation of

11   information, knowledge, facts, concepts, computer software, computer programs or instructions.

12   Data may be in any form, in storage media, or as stored in the memory of the computer or in

13   transit or presented on a display device."

14   50.   Defendants have violated California Penal Code § 502(c)(1) by allowing access

15   without Plaintiffs' permission to data from Plaintiffs' PlayStation device.

16   51.   Defendants have violated California Penal Code § 502(c)(2) by allowing others

17   access to (and without permission) data from Plaintiffs' PlayStation device.

18   52.   Defendants have violated California Penal Code § 502(c)(6) by assisting in

19   providing a means of accessing Plaintiffs' private data.

20   53.   Defendants have violated California Penal Code § 502(c)(7) by without

21   permission accessing or causing to be accessed, Plaintiffs' PlayStation device.

22   54.   California Penal Code § 502(j) states: "For purposes of bringing a civil or a

23   criminal action under this section, a person who causes, by any means, the access of a computer,

24   computer system, or computer network in one jurisdiction from another jurisdiction is deemed

25   to have personally accessed the computer, computer system, or computer network in each

26   jurisdiction."

27   55.   Plaintiffs have also suffered irreparable injury from these unauthorized acts of

28   disclosure, to wit: their personal, private, and sensitive electronic data was obtained and used by

*Audet &*
*Partners,*
*LLP*

9
CLASS ACTION COMPLAINT

1 third parties. Due to the continuing threat of such injury, Plaintiffs have no adequate remedy at
2 law, entitling Plaintiffs to injunctive relief.

3 56. Plaintiffs and Class members have additionally suffered loss by reason of these
4 violations, including, without limitation, violation of the right of privacy.

5 57. As a direct and proximate result of Defendants' unlawful conduct within the
6 meaning of California Penal Code § 502, Defendants have caused loss to Plaintiffs in an amount
7 to be proven at trial. Plaintiffs are also entitled to recover their reasonable attorneys' fees
8 pursuant to California Penal Code § 502(e).

9 58. Plaintiffs and the Class members seek compensatory damages, in an amount to
10 be proven at trial, and injunctive or other equitable relief.

11

### Fourth Cause of Action
### Violation of the Consumer Legal Remedies Act
### ("CLRA") California Civil Code § 1750, *et seq.*

12

13 59. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

14 60. In violation of Civil Code section 1750, et seq. (the "CLRA"), Defendant has
15 engaged and is engaging in unfair and deceptive acts and practices in the course of transactions
16 with Plaintiffs, and such transactions are intended to and have resulted in the sales of services to
17 consumers. Plaintiffs and the Class Members are "consumers" as that term is used in the CLRA
18 because they sought or acquired Defendant's good or services for personal, family, or
19 household purposes.

20 61. At all relevant times, Defendants' business practices of selling PlayStation
21 devices and the Network were goods Plaintiffs and Class Members obtained for use.
22 Defendants' scheme to offer such goods misleads the nature and integrity of the PlayStation
23 Network.

24 62. Defendant's representations that its services have characteristics, uses, and
25 benefits that they do not have, in violation of Civil Code § 1770(a)(5);

26 63. Plaintiffs, on behalf of themselves and on behalf of each member of the Class,
27 shall seek individual restitution, injunctive relief, and other relief allowed under the CLRA as
28 the Court deems just and proper.

*Audet &*
*Partners,*
*LLP*

10
CLASS ACTION COMPLAINT

64. This cause of action is brought pursuant to the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 et seq. (the "CLRA"). This cause of action does not seek monetary damages at this point, but is limited solely to injunctive relief. Plaintiff will amend this Class Action Complaint to seek damages in accordance with the CLRA after providing the Defendants with notice pursuant to California Civil Code § 1782.

65. At this time, Plaintiffs seek only injunctive relief under this cause of action. Pursuant to California Civil Code, Section 1782, Plaintiffs will notify Defendant in writing of the particular violations of Civil Code, Section 1770 and demand that Defendant rectify the problems associated with its behavior detailed above, which acts and practices are in violation of Civil Code § 1770.

66. If Defendant fails to respond adequately to Plaintiff's above-described demand within 30 days of Plaintiff's notice, pursuant to California Civil Code, Section 1782(b), Plaintiffs will amend the complaint to request damages and other relief, as permitted by Civil Code, Section 1780.

### Fifth Cause of Action
### Unfair Competition
### California Business and Professions Code § 17200

67. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

68. In violation of California Business and Professions Code § 17200 et seq., Defendant's conduct in this regard is ongoing and includes, but is not limited to, unfair, unlawful and fraudulent conduct.

69. Defendant misled consumers by continuously and falsely representing during the Class Period that they would not make personally identifiable information available to third parties as alleged herein.

70. At all relevant times, by way of, *inter alia*, commercial marketing and advertising, misrepresented and/or omitted the truth about the extent to which others could obtain and share Plaintiffs' and Class Members' sensitive and personal identifiable information with third parties.

28

*Audet &
Partners,
LLP*

11
CLASS ACTION COMPLAINT

71. Had Plaintiff known that Defendants would share his personally identifiable information with third parties, he would not have purchased or used the Defendants' services, which in turn, forced him to relinquish valuable personal information.

72. By engaging in the above-described acts and practices, Defendant has committed one or more acts of unfair competition within the meaning of the UCL and, as a result, Plaintiffs and the Class have suffered injury-in-fact and have lost money and/or property (specifically, personal information).

73. Defendant's business acts and practices are unlawful, in part, because they violate California Business and Professions Code § 17500, et seq., which prohibits false advertising, in that they were untrue and misleading statements relating to Defendant's performance of services and with the intent to induce consumers to enter into obligations relating to such services, and regarding statements Defendant knew were false or by the exercise of reasonable care Defendant should have known to be untrue and misleading.

74. Defendant's business acts and practices are also unlawful in that they violate the California Consumer Legal Remedies Act, California Civil Code, Sections 1647, et seq., 1750, et seq., and 3344, California Penal Code, section 502, and Title 18, United States Code, Section 1030. Defendant is therefore in violation of the "unlawful" prong of the UCL.

75. Defendant's business acts and practices are unfair because they cause harm and injury-in-fact to Plaintiffs and Class Members.

**Seventh Cause of Action**
**Conversion**

76. Plaintiff hereby incorporates by reference the allegations contained in all of the preceding paragraphs of this complaint.

77. Plaintiffs and Class Members PlayStation and PlayStation Network, is being used by Defendants to obtain sensitive and personal identifying information derived from Plaintiffs' and Class Members' activities. Such property, owned by the Plaintiffs and Class Members, is valuable to the Plaintiffs and Class Members.

*Audet &*
*Partners,*
*LLP*

1        78.    Defendants unlawfully exercised dominion over said property and thereby

2 converted Plaintiffs' and Class Members' property by allowing third parties access to sensitive

3 and personal identifying information.

4        79.    Plaintiffs and Class Members were damaged thereby and continue to suffer

5 damages.

6 **PRAYER FOR RELIEF**

7       WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated,

8 prays for judgment against Defendants as follows:

9     1.    Certify this case as a Class action on behalf of the Classes defined above, appoint

10           Plaintiff as Class representative, and appoint the undersigned counsel as Class

11           counsel;

12     2.    Declare that the actions of Defendants, as set out above, violate each of the

13           causes of action;

14     3.    Awarding appropriate injunctive and equitable relief;

15     4.    Award damages, including statutory damages where applicable, to Plaintiffs and

16           Class Members in an amount to be determined at trial;

17     5.    Award restitution against Defendants for all money to which Plaintiffs and the

18           Classes are entitled in equity;

19     6.    Award Plaintiffs and the Classes:

20           a)  their reasonable litigation expenses and attorneys' fees;

21           b)  pre- and post-judgment interest, to the extent allowable;

22           c)  restitution, disgorgement and/or other equitable relief as the Court deems

23               proper;

24           d)  compensatory damages sustained by Plaintiffs and all others similarly

25               situated as a result of Defendants' unlawful acts and conduct;

26           e)  statutory damages, including punitive damages;

27           f)  permanent injunction prohibiting Defendants from engaging in the conduct

28               and practices complained of herein;

*Audet &*
*Partners,*
*LLP*

13
CLASS ACTION COMPLAINT

1    7.    For such other and further relief as this Court may deem just and proper.

2

3    Dated this 29th day of April, 2011

4                                                    *William M. Audet*

5                                          By:     William M. Audet

6                                                  Audet & Partners LLP
                                                   William M. Audet
7                                                  Kevin L. Thomason
                                                   Joshua C. Ezrin
                                                   Jonas P. Mann
8                                                  221 Main Street
                                                   Suite 1460
9                                                  San Francisco, CA 94105
                                                   Telephone: (415) 568-2555
10                                                 Facsimile: (415) 568-2556

11                                                 *Attorneys for Plaintiff and the Proposed
                                                   Class*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Audet &
Partners,
LLP*

14
CLASS ACTION COMPLAINT

1

## JURY TRIAL DEMAND

2       The Plaintiffs hereby demand a trial by jury of all issues so triable.

3   Dated this 29th day of April, 2011

4                                       *William M. Audet*

5                            By:        William M. Audet

6                                       Audet & Partners, LLP
7                                       William M. Audet
                                        Kevin Thomason
                                        Joshua C. Ezrin
8                                       Jonas P. Mann
                                        221 Main Street
9                                       Suite 1460
                                        San Francisco, CA 94105
10                                      Telephone: (415) 568-2555
                                        Facsimile:  (415) 568-2556
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Audet &
Partners,
LLP*

15
CLASS ACTION COMPLAINT